Mr. O'Brien? Yes, Your Honor. Good morning. We note that you were appointed under the Criminal Justice Act. What we said to prior counsel applies fully to you. We appreciate your willingness to accept the assignment. Thank you, Your Honor. May it please the court. Counsel. This is really a novel situation and it's a narrow issue. Mr. Martinez is simply challenging what Iowa did in terms of its use of a closed circuit television system in a sex abuse case. In essence, what happened, they used a pretrial ruling on a deposition and then they just kept incorporating it by reference without a new independent finding of necessity by the trial court. Counsel, you're subject to that as they. As you know, the other side says time and time again, you stipulated to it. And that's the problem. He didn't stipulate to it. When we read the record, it's on pages 13 and 14 of the brief, we quote exactly what trial counsel did. He basically said, I object. I objected at the motion for the protective order. And throughout this whole process, everybody's missed that. Well, he alleged, as you know, in his PCR, he says plainly, counsel's ineffective for stipulating to this procedure. He acknowledges the fact by his argument. And again, as Chief Judge Strand pointed out, they missed it. The Iowa Court of Appeals missed it. And once they missed it, once it just kept perpetuating. And that's what happened. They just simply missed the fact that trial counsel objected. And he had no choice but to agree with the trial court based on the trial court's earlier ruling. But on pages 13 and 14, which is quoted right out of Judge Strand's ruling, he did object. And he preserved air on it. But they just kept missing it. So is this more of a question of ineffective assistance of counsel? And the reason why I say that is because it seems to me that even if there was the initial objection, shouldn't counsel, shouldn't defense counsel have continued to object as this kind of happened over and over again throughout the proceedings? In a perfect world, yes. But we live in an imperfect world. But I think he preserved the air, as did Chief Judge Strand, that he actually did object. The Iowa Court of Appeals missed it. Further review was denied. And so now we're here. And the issue before this court, reasonable jurists could disagree as to whether or not, under Maryland v. Craig, you should make an independent finding of necessity for using the closed-circuit TV. That's the issue in front of you. It's a real narrow issue. Do you agree, though, that the findings from the initial trial, there were two trials here, and do you agree that the findings from the initial trial were sufficient under Craig? Or do you view those as insufficient for the first trial? For the deposition, I would agree. The difference in Iowa, under the statute, the child is supposed to be told the defendant is watching you. The protective order, the child wasn't told that. And that's a big, big difference, because without the child being told that, hey, you're being viewed by the defendant, you have no confrontation there. So even in the first trial, for the deposition, you think the findings were sufficient, but you think, and we're not reviewing the first trial, I understand that. We're reviewing the second trial. But once we get to the trial testimony, the findings don't carry over from the deposition. They were insufficient for the trial testimony. Or even the first trial would be the defendant's position, that on each and every hearing, because a trial is different than a deposition. It's that simple. Now, counsel, let me ask you, as you know, the other side says clearly to you that this state statutory issue, you didn't argue in federal district court, and you didn't argue it in state court. It's really unexhausted. What do you say to that? I'm sorry, Judge. Okay, I'll go slowly. The other side says clearly that you did not make this argument in the federal district court. Also, that you did not make this argument in state court about the child having to be informed. And so it's really unexhausted. I think they did make the argument, but I'm not sure, because the record is really— What about in federal district court? It's murky on that, Your Honor. But, you know, Chief Judge Strand, he's the one that issued the certificate of appealability on the narrow issue for guidance to the bench and the bar. What do we do in these types of cases? So it's a real narrow issue, I know. And reasonable jurors can disagree. And where the court went wrong was what? Just assuming that it had been stipulated to or that it somehow crept into the record and took on a life of its own? I think you're right. I think that's what happened. And meanwhile, Mr. Rosales-Martinez is doing 17 and a half years mandatory for a sex abuse offense. He's still in jail. How does the habeas standard play in here? Which is that we need to be deferential to the state court, that it needs to be a contrary to an unreasonable application. You said in your presentation, I think I heard you correctly, that reasonable jurors could disagree about this issue. And that seems to me, then, to say that you haven't met the habeas standard. Am I right? I think the way Chief Judge Strand put it, that's why it met the habeas standard. And that's why he issued the certificate of appealability, because everybody else has been denying it. Well, that's true as the certificate of appealability, but I'm talking about granting relief. To grant relief, I think it has to be contrary to an unreasonable application of clearly established federal law. And if it's a debatable proposition, I don't know that we can grant habeas relief. Can we? I think you can. But in at least the cases that he was citing, I think you can. So I'll reserve the remainder of my time. I mean, it's a simple, simple issue. Very well. You may reserve your time, Rick. Thank you, Your Honor. We'll hear from the Governor. Is it pronounced Peratt? Peratt, Your Honor. Very well. You may proceed, sir. May it please the Court, Counsel. The United States Supreme Court has said that the starting point for any habeas case is the relevant, clearly established federal law. So for the procedural hurdles that the petitioner faces and focus on Maryland v. Craig, which is the law that I think everyone agrees applies. And in Craig, the Court said that certain competing important public interests can surmount the defendant's or the confrontation clause's preference for face-to-face confrontation if the state court makes three findings. First, the trial court must hear evidence and make a case-specific finding of necessity. Second, the court must find that the trauma would be caused by the physical presence of the defendant. And third, the court must find that the emotional distress caused to the witness would be more than de minimis. And in this case, the Iowa court made all three of those findings. But one of the problems with this case, and I'll tell you what troubles me, is they made it with respect to the deposition in the first trial. And when you're dealing with a child witness, a lot changes. It can change, not always, but can change over the course of seven months, particularly when you have a child that might have been traumatized, as this one was. And so didn't the district judge then have the obligation to sort of, you know, children change, to renew the inquiry and see if anything had changed from the first trial? I acknowledge the premise to the question, Your Honor. I think that's true. I don't, but I think the district court did everything it needed to, to ensure that from June of 2001, when the hearing regarding the deposition took place, until seven months later, when the trial occurred in January of 2002, that things were the same. You know, at the time of the hearing in June, the child was nine, and then so she had just turned nine, and so she was just about nine and a half at the time of trial. And at the time of the June deposition, she had been receiving mental health care from the therapist that testified, Karen Gatto, weekly for about a year, and she'd also been in foster care for almost a year. And so presumably, some of the changes that may have occurred after getting out of this difficult situation would have occurred in that time frame. But I think more importantly, for what the state district court did, is the fact that at the trial in January of 2002, all of the parties agreed that, and I think the defense attorney used the phrase, that the June hearing was still exactly on point. So even the defense attorney didn't believe anything had changed, the state didn't believe anything had changed, and the guardian ad litem for the victim witness was at the hearing during trial, and she said, the guardian ad litem said, she had just spoken with the victim two days prior, and that she still supported the use of these protective measures. And that happened before the district, before the victim had testified? Correct. Immediately preceding. So I think the trial started on Tuesday, this hearing about the victim witness's testimony was on Wednesday, and the guardian ad litem says, I spoke with the victim on Monday. I still support the use of these procedures. And so I think, while certainly children change rapidly at that age, I don't think there's any support in the record that this child changed, that she was no longer fearful of the defendant. And I think that would be the petitioner's burden in this habeas case, this collateral attack, to prove that. The state wouldn't any longer have the burden to show that, and there's just no evidence in the record that any of these changes did, in fact, occur. What about the argument, though, that, and you rely on the stipulation as well, or the purported stipulation, what about the argument that there was no stipulation? I realize we don't have an ineffective assistance to counsel claim before us, maybe we should, but we don't. The opposing counsel says that stipulation never happened. At most, it was just a misreading of the record, and everyone, it just sort of, that error ended up perpetuating, kept perpetuating itself over and over again. What's your response to that? And Judge Strand, to some extent, believed that the defense attorney had preserved error as to a confrontation clause violation and objection. But Judge Strand was talking about sort of the substance of objection, whether the proof at this June hearing supported the district court's findings under Maryland v. Craig. Judge Strand was not talking about this separate question, and was not faced with the separate question that we're arguing about now on appeal, of whether those June hearings could be used in the January trial. And so, it was more about the proof in state court and in federal district court. It's more about the procedure, apparently, now. And so, in no way was this procedure, you know, we need updated findings. In no way was that preserved, because that objection didn't happen prior to the deposition, didn't happen prior to trial. And really, what they fought about, what the parties fought about, with regard to the discovery deposition, was the Iowa statute, and a portion of the Iowa statute, which is 915.38, which requires the victim witness to be informed of the defendant's ability to view the testimony via closed circuit television. That was the fighting issue at the discovery deposition stage. And so, to the extent that the defense attorney at trial is saying, I want to bring forward my objection from the past, you know, that's really the only objection I think we can fairly say that he brought forward. It's not even the substantive confrontation objection, and it's certainly not this objection about the temporal timeline of when the court has to take testimony in relation to when it makes its findings of necessity. Now, do I understand right that the Iowa code section point we're talking about, about what the child has to be told, that that was not raised before the district court in this case? That is my reading of the briefs, Your Honor. Not the briefs, I mean the judge's order. And I don't believe it was decided by the judge either about whether the victim has to be informed. And I think, importantly, even if it had been, again, habeas relief is only available for decisions that are contrary to or unreasonably apply clearly established United States Supreme Court precedent. And Craig doesn't say anything about informing the victim or the witness that the defendant will be watching via closed circuit television. And so what, in essence, the petitioner needs is an extension of Supreme Court precedent, an extension . . . Then in this case, is that a non-issue? I'm sorry? There's not before us? I mean . . . I think that's true, Your Honor. It was not exhausted in the federal district court. And again, it would require an extension of Craig. And White v. Woodhull from the United States Supreme Court says that if habeas court must extend a rationale to the facts at hand, then by definition the principle wasn't clearly established by the United States Supreme Court. And that bars federal habeas relief. At what stage was that dropped in the state proceeding? We have opinions on the direct appeal and the PCR. Was it dropped on direct appeal? Any complaint about 915.38? There, to my recollection, has never been an argument after the discovery . . . After the PCR, both state . . . either state opinions, right? Correct. In neither of those opinions . . . Thank you. I don't believe it's ever been argued. And so really then, because it's not in the record and because it's the petitioner's burden, I don't even think we can confidently say that that advisory was not given. You know, the Iowa statute requires it. The district court only decided it wasn't necessary with regard to the discovery deposition. Yeah, but that objection was renewed at trial, right? The objection about informing the child was renewed at trial, correct? I thought that's in one of these opinions. I suppose if we view the . . . I think that's in the PCR opinion, sir. It says the state . . . no, I'm sorry. It's the state who asked for the protective order, not the defendant. Go ahead. Correct. I read the sentence wrong.  But I don't know what the . . . But go ahead. You tell me. Probably not being perfectly clear either. To the extent that the record can be . . . the trial record can be fairly read to bring forward the objection that occurred prior to the discovery deposition, so this protective order, I guess that would be the objection that's being made. But when you look at the entire record, I think really what the defendant was asking for and what he specifically names were some other protections He asked for an interpreter. He asked for the ability to communicate electronically with his trial while this closed circuit procedure . . . with his trial attorney while this closed circuit procedure is occurring. And he asked, I think, for liberal breaks to be taken so he doesn't have to object in the presence of the victim witness. So I don't think it can fairly be said that that was objected. It certainly wasn't brought up on direct appeal or in postconviction proceedings. And for that reason, we don't have a record about whether this advisory was made or not. And so I do think this claim faces certain procedural hurdles and we would ask the court to enforce those bars and to just apply clearly established federal law of Maryland v. Craig, which we believe the state court complied with, and we ask the court to affirm . . . Counsel, one more question on the . . . you mentioned the procedural bars and you had a discussion with Judge Benton about it. If we go to the procedural bar question, Judge Strand did not give a certificate of appealability on the ineffective assistance. Would that . . . those two issues, the procedural bar and ineffective assistance, are a little bound up together. Does that present a problem for us that we really can't go the procedural bar route because of the ineffective assistance claim that's not before us? In other words, we don't have the whole case before us. That might be true. That might require remand for the district court to evaluate that claim. Thank you, Your Honors. Very well. Thank you. Mr. O'Brien. I think the whole argument about whether or not the child should be told happened way back at the deposition stage. The defense counsel was adamant the child should be told. The court said no. And it wasn't appealed, right? But he tried to preserve his air. He was bound. The trial counsel was bound by the court's prior ruling. And so the issue is, should trial judges make independent findings of necessity before each trial and not just merely incorporate by reference prior rulings? Thank you. Very well. The case is submitted and we will take it under consideration. Thank you.